IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Bankruptcy Case No. |
| TONY R. GRESHAM and BELINDA J. | § | 05-40662-DML-7 |
| GRESHAM, husband and wife, | § | |
| | § | Adversary No. 05-04068-DML |
| Debtors. | § | |
| _____ | § | |
| | § | |
| WM. CAMERON & CO., a Georgia | § | |
| corporation doing business as | § | |
| CAMERON ASHLEY BUILDING | § | |
| PRODUCTS, | § | |
| | § | |
| Plaintiff/Appellant, | § | |
| | § | District Court Case |
| VS. | § | NO. 4:06-CV-008-A |
| | § | |
| TONY R. GRESHAM and BELINDA J. | § | |
| GRESHAM, husband and wife, | § | |
| | § | |
| Defendants/Appellees. | § | |

MEMORANDUM OPINION
and
ORDER

        Since leave was granted on May 26, 2006, to appeal from the
December 15, 2005, order of the bankruptcy court denying the
motion of Wm. Cameron & Co. d/b/a Cameron Ashley Building
Products ("Cameron") for approval of a proposed compromise
between Cameron and the debtors, Cameron has filed its brief on
appeal, the United States Trustee has filed a responsive brief,
and debtors, Tony R. Gresham and Belinda J. Gresham, have filed a
document stating that they "stand neutral because of the unusual
position they are in as parties to this appeal."  Reply by
Defs./Appellees at 2.  The court has concluded that the ruling of
the bankruptcy court in the December 15, 2005, order should be

reversed, and that the matter should be remanded to the
bankruptcy court for further proceedings.

I.

## Issues Presented

For a recitation of the background facts and a statement of
the tentative views of the court on the issues Cameron defined in
its motion for leave as the ones it would present on appeal, the
court incorporates by reference the contents of the memorandum
opinion and order the court signed in this case on May 26, 2006.
The court interprets the thrust of the issues Cameron presents on
appeal to be as follows:

(1)  The bankruptcy court did not consider all of the
factors that should be considered in determining whether the
proposed settlement should be approved, but, instead,
rejected the proposed settlement for the sole reason that it
benefitted only Cameron and not the bankruptcy estate and
creditors other than Cameron.

(2)  The bankruptcy court abused its discretion in
declining to approve the settlement.

The court views these issues to present questions of law, with
the consequence that the ruling of the bankruptcy court is
subject to a de novo review.

II.

<u>Analysis</u>

A.   <u>The Standard for Approval Applied by the Bankruptcy
     Court is too Restrictive</u>.

     The reason given by the bankruptcy court in the December 15,
2005, order denying Cameron's motion suggests that the bankruptcy
court concluded that it had no authority to approve the proposed
settlement solely because the only benefit to the bankruptcy
estate and the other creditors would be withdrawal of Cameron's
claim against the estate.  R. at 4-5.  The bankruptcy court
indicated that no settlement of Cameron's adversary proceeding
would be approved unless the settlement would be beneficial to
all creditors.  <u>Id.</u> at 5.  The court is concerned that the
bankruptcy court took an inappropriately restrictive view of the
circumstances when the bankruptcy court can, and should, approve
settlement of an objection to a debtor's discharge brought
pursuant to 11 U.S.C. § 727(a), whether or not joined with a
claim pursuant to 11 U.S.C. § 523(a) challenging dischargeability
of the debt.

B.   <u>The Three Standards that Other Courts have Applied</u>.

     As the court noted on page 13 of the May 26 Memorandum
Opinion and Order, the bankruptcy court's view of the limits of
the bankruptcy court's discretion in determining whether to
approve a settlement of the kind presented by Cameron has
respectable judicial precedent.  <u>See, e.g.</u>, <u>In re de Armond</u>, 240
B.R. 51, 60 (Bankr. C.D. Cal. 1999).  Indeed, some of the court

3

decisions stand for the proposition that a proposed compromise that includes as one of its elements withdrawal of objections to discharge should, invariably, be disapproved as being in contravention of public policy.  This was the holding in In re Moore, in which the court explained:

> Discharge, the principal objective of a chapter 7 debtor, is a statutory right involving public policy considerations.  It is *not* a proper subject for contractual negotiation. . . .
>
> . . . Because it involves questions of public policy previously determined by the Congress, a discharge in bankruptcy is not an appropriate element of a quid pro quo.  Tying withdrawal of objections to discharge to the settlement of other actions is contrary to public policy.  Under no circumstances, not even where the intent is innocent, may a debtor purchase a repose from objections to discharge.  A discharge in bankruptcy depends on the debtor's conduct; it is not an object of bargain.
>
> . . . the court declines to approve the compromise on the basis that withdrawal of the objections to discharge as an element of the compromise contravenes public policy.

50 B.R. 661, 664 (Bankr. E.D. Tenn. 1985) (footnote omitted). Similar results were reached in In re Delco, 327 B.R. 491 (Bankr. N.D. Ga. 2005); In re Levine, 287 B.R. 683 (Bankr. E.D. Mich. 2002); In re Smith, 207 B.R. 177 (Bankr. N.D. Ind. 1997); In re Wilson, 196 B.R. 777 (Bankr. N.D. Ohio 1996); In re Vickers, 176 B.R. 287 (Bankr. N.D. Ga. 1994) (applying the absolute prohibition against compromise rule to an attempt by the trustee to compromise a § 727 claim, but suggesting that a different rule might apply if a creditor had brought the claim and was seeking approval of a compromise, at 290).

Other courts have concluded that dismissal of a § 727 objection to discharge pursuant to a compromise between the debtor and the creditor, or trustee, who filed the objection is permissible so long as there is a full disclosure to all interested parties, with the right to oppose the proposed dismissal and with the right to continue prosecution of the objection to discharge if one or more of the interested parties does oppose the dismissal.  This line of cases includes In re Taylor, 190 B.R. 413 (Bankr. D. Colo 1995); In re Vickers, 176 B.R. at 290 (indicating that the court may well approve a compromise of a § 727 claim brought by a creditor "where the trustee and other creditors are notified and given the opportunity to take up the discharge action but fail to do so"); In re Marston, 141 B.R. 767 (Bankr. M.D. Fla. 1992); In re Short, 60 B.R. 951 (Bankr. M.D. La. 1986); In re Margolin, 135 B.R. 671 (Bankr. D. Colo. 1992).  In Short, the court gave the following rationale for this view:

> Since Rule 7041 [of the Federal Rules of Bankruptcy Procedure] requires that the trustee receive notice of the dismissal of a complaint to deny the debtor's discharge and since the rule also allows the Court to set terms and conditions that it deems proper, the Court will require a notice to all creditors and parties in interest of the motion to dismiss.  The notice will further state that the complaint will be dismissed unless, within 20 days, a creditor other interested party requests to be substituted as plaintiff and/or objects to the dismissal.  It will also state the advantage that the Debtor is providing in exchange for the plaintiff's motion to dismiss. This condition of full disclosure will provide all interested parties with the right to object to the dismissal and with the right to continue prosecution of the complaint to deny the Debtor's discharge if they

> wish to do so.  If no creditor cares to pursue and if
> the trustee does not wish to pursue denial of a
> discharge, the Court can see no authority to deny the
> dismissal and no way to achieve the prosecution of the
> case.

60 B.R. at 953.

The line of cases mentioned in the immediately preceding paragraph assumes that the bankruptcy court has the authority to allow another creditor or the trustee to be substituted for the original plaintiff in a § 727 proceeding.  There are cases holding that an intervention or substitution of parties in a § 727 adversary proceeding after the deadline for filing an objection to discharge is unauthorized.  See In re Chalasani, 92 F.3d 1300 (2d Cir. 1996); In re Stout, 262 B.R. 862 (Bankr. D. Colo. 2001).  This court disagrees with the reasoning of the Chalasani line of cases on that subject.  There does not appear to be a logical reason why a bankruptcy court cannot substitute one creditor, or the trustee, for a plaintiff/creditor in a § 727 proceeding if the latter fails or refuses to go forward.  A number of the court opinions that discuss the subjects under consideration in this memorandum opinion emphasize that a § 727 proceeding is for the benefit of the entire bankruptcy estate and all creditors.  See, e.g., In re de Armond, 240 B.R. at 55; In re Joseph, 121 B.R. 679, 682 (Bankr. N.D.N.Y. 1990); In re Drenckhahn, 77 B.R. 697, 701 (Bankr. D. Minn. 1987); In re Moore, 50 B.R. at 663-64.  If the action is for the benefit of all creditors and the trustee, logically any of them could be substituted as a plaintiff.  Cases that have approved

substitution of the trustee or a creditor for the plaintiff in a § 727 adversary proceeding include <u>In re Lindsey</u>, 208 B.R. 169, 170 (Bankr. E.D. Ark. 1997); <u>In re Joseph</u>, 121 B.R. at 683; <u>In re Nicolosi</u>, 86 B.R. 882, 888-89 (Bankr. W.D. La. 1988); <u>In re Short</u>, 60 B.R. at 953.  The court agrees with the conclusion those courts expressly or impliedly reached that a substitution of the trustee or creditor for a plaintiff/creditor who has initiated a § 727 proceeding is authorized and proper.  In <u>In re Margolin</u> the court explained that a way to address the

> tension between vindication of the public interest in upholding the policies behind § 727, and the public interest in fostering the peaceful, just, speedy and inexpensive resolution of disputes, is to (1) provide notice and full disclosure of the terms of such agreements between the original complaining creditor and debtor to all parties in interest; and (2) to allow other creditors and/or the trustee to intervene or be substituted for the original complaining creditor in order to prosecute the § 727 complaint.

135 B.R. at 673.

As the <u>Margolin</u> court noted, a public-interest factor that must be considered in determining whether a compromise that contemplates dismissal of a § 727 proceeding should be approved is the policy favoring settlement.  The court deciding <u>In re Hass</u> explained that:

> Consensual resolution of litigation has been favored in the law from time immemorial, whether by the parties themselves, or through mediation or other techniques of dispute resolution.  Settlements in discharge and dischargeability litigation are no less favored.
>
> . . . .

> . . . [A] *per se* prohibition on compromise of
> Section 727(a) actions is entirely inconsistent with
> Bankruptcy Rule 7041, the time-honored judicial policy
> which favors consensual dispute resolution, and the
> right which a plaintiff always has to decline to
> continue prosecuting a claim.

273 B.R. 45, 50, 54 (Bankr. S.D.N.Y. 2002) (citation omitted).

Other court decisions involving a proposed dismissal of a § 727

objection to discharge that have paid significant attention to

the policy favoring settlement include In re Hayden, 246 B.R.

795, 799 (Bankr. D.S.C. 1999); In re Bates, 211 B.R. 338, 343

(Bankr. D. Minn. 1997); In re Mavrode, 205 B.R. 716, 719 (Bankr.

D.N.J. 1997).

The public interest in favor of settlement has played a

significant role in the development of the line of cases that

constitute the majority view, i.e., that settlement of a § 727

claim can, and should, be approved when the terms of the

settlement are fair and equitable and in the best interest of the

estate.  See In re Hass, 273 B.R. at 50; In re Hayden, 246 B.R.

at 799; In re Mavrode, 205 B.R. at 719, 721-22.  This majority

view is, of course, consistent with the directive of Rule 7041 of

the Federal Rules of Bankruptcy Procedure that "a complaint

objecting to the debtor's discharge shall not be dismissed at the

plaintiff's instance without notice to the trustee, the United

States trustee, and such other persons as the court may direct,

and only on order of the court containing terms and conditions

which the court deems proper."

8

The facts that the § 727 claim is combined with a § 523 claim, and the proposed settlement contemplates a ruling favorable to the objecting creditor on the § 523 claim and dismissal of the § 727 claim, do not prevent application of the rule that a settlement should be approved if it is fair and equitable and in the best interest of the estate.  <u>See, e.g.</u>, <u>In re Hass</u>, where the court reasoned that:

> Indeed, where a creditor settles a Section 523(a) claim and also seeks dismissal of his Section 727(a) claim (as was approved in *In re Joseph*, *In re Margolin* and *In re Hayden*), it may be inferred that the dismissal was at least in part a *quid pro quo* of the settlement.  But that does not bar a creditor from settling his Section 523(a) claim and abandoning his Section 727(a) claim (which he has no further incentive to prosecute), because other creditors and the Chapter 7 trustee will receive full disclosure and an opportunity to prosecute the Section 727(a) claim through the mechanism of Bankruptcy Rule 7041.

273 B.R. at 56 (footnote omitted); and:

> Finally, contrary to the Chapter 7 Trustee's argument, there is no impropriety in confronting a debtor with a non-frivolous, potentially viable Section 727(a) claim whether or not it puts the debtor under pressure to settle the Section 523(a) claim.  Litigants are frequently confronted with the leverage that is explicit in the potential adverse consequences of an adverse judgment.  A strong, viable claim may well compel a settlement whereas a claim that the defendant knows to be weak or frivolous should have little or no coercive effect.  The coercion comes not from the assertion of a fair claim but from the debtor's own conduct which gave rise to the claim.  Accordingly, a plaintiff need not show that the Section 727(a) claim

is meritless in order that the compromise of the
Section 523(a) action be approved.

Id. at 57.

C.    Factors to be Considered in Determining Whether to
      Approve a Proposed Compromise of a § 727 Claim.

     The court agrees with the majority view.  Approval, vel non,
of the compromise in the instant action should be based on a
determination of whether the compromise is fair and equitable and
in the best interest of the estate.  Some of the factors the
court decisions have suggested should be considered in making
that determination are the following:

     (a)  The strong policy favoring consensual dispute
resolution in bankruptcy litigation must be considered.  Supra at
7-8.

     (b)  The potential success of the § 727 claim should be
considered.  However, Cameron will not be obligated to show that
the § 727 claim is meritless in order to obtain approval of the
compromise.  In re Hass, 273 B.R. at 57.

     (c)  The complexity, expense, inconvenience, and delay
attendant pursuit of the § 727 claim should be considered.  In re
Mavrode, 205 B.R. at 721.

     (d)  Whether estate funds are to be used in the settlement
is a significant factor.  Id.

     (e)  The court should consider whether one creditor will
benefit from the compromise at the expense of other creditors.
Id.  Relevant to this factor is whether money to be paid by
Cameron will be out of funds of the estate.  Id.

10

(f)  As a corollary to (e) above, if the funds to be paid in the settlement of the § 523 claim do not come from the estate, other creditors will not only not be injured by the proposed settlement, but will benefit from it if there were to be a dividend from which the plaintiff's claim would be excluded.  Id.

(g)  If other creditors and the United States Trustee have been afforded ample time to object to the settlement, and supplant themselves as plaintiffs in the § 723 action in order to prosecute it to a conclusion, but choose not to do so, there would be no further benefit inuring to the bankruptcy estate in requiring further litigation of the § 727 claim.  Id. at 722.

(h)  The potential that the § 523 claim is meritorious is important, so the availability of prima facie evidence to support the claim should be considered.

### III.

### Considerations Related to Remand

The United States Trustee has requested that "this Court remand this matter to the bankruptcy court to reconsider the approval of the proposed settlement after conducting an evaluation of the bona fides of Cameron's complaint under 11 U.S.C. § 523."  Br. of U.S. Trustee at 17.  The court is inclined to agree that, with the exception of the questions mentioned below relative to adequacy of the notices and the possible need to clarify the terms of the settlement agreement, a showing of

11

<u>prima facie</u> validity of Cameron's § 523 claim[1] is all that should
be required for debtors and Cameron to gain approval of their
settlement (assuming that no other creditor or the United States
Trustee steps in to prosecute the § 727 claim).  In other words,
virtually all of the factors mentioned under subsection C. above
appear, based on the record that already exists, to favor
approval of the compromise.

The court has concern that the notices previously given by
Cameron to the creditors and United States Trustee of the
proposed compromise were not adequate.  While perhaps implicit in
the information conveyed by the notices, none of the
notifications expressly stated that an essential ingredient of
the proposed settlement was dismissal of the § 727 claim.  The
Notice of Settlement a Request for Cause to be Continued on
Inactive Calendar signed May 26, 2005, stated that "[t]he parties
are preparing and will file a Stipulation for Judgment Regarding
Non-Dischargeability of Debt and a Judgment Denying
Dischargeability in the near future." R. at 27.  Notably, there
is no mention of the proposed disposition of the § 727 claim.
The Motion to Approve Judgment Denying Dischargeability of Debt
and Notice of Hearing signed June 24, 2005, is similarly
inadequate.  <u>Id.</u> at 29-30.  The same is true of the Stipulation
for Judgment Regarding Non-Dischargeability of Debt, which shows

---

[1]In the instant action, the inconsistency between the valuations
used by the debtors in their bankruptcy papers and the valuations used
in the earlier papers submitted to Cameron might well be considered to
create <u>prima facie</u> evidence that false information was furnished.

12

it was signed June 20, 2005, <u>id.</u> at 42-43, and the Notice of Hearing on Motion to Approve Judgment Denying Dischargeability of Debt, which shows it was signed July 1, 2005, <u>id.</u> at 46-47.

Before proceeding with a hearing on whether the proposed compromise should be approved, Cameron should be required to give notice to all creditors and the United States Trustee of the details of the proposed compromise and of the hearing date.  <u>See In re Mavrode</u>, 205 B.R. at 722.  The Notice should specifically advise that the proposed compromise contemplates dismissal of the § 727 claim and that if any creditor or the United States Trustee wishes to be substituted for, or join with, Cameron in the prosecution of that claim they should make that fact known to the bankruptcy court a significant period of time prior to the hearing date.  <u>Id.</u>

Another point to be considered following remand is the possibility of Cameron and the debtors clarifying the terms of their settlement before the notification is given to the creditors and the United States Trustee.  From what this court has learned, there will be no compromise if the § 727 claim is not dismissed.  Thus, if a creditor or the United States Trustee were to elect to be substituted for, or join with, Cameron in the prosecution of the § 727 claim, the matter of approval of a compromise presumably will be moot.  The parties will want to take this contingency into account in clarifying the terms of their settlement.

Therefore,

The court ORDERS that the order the bankruptcy court signed December 15, 2005, denying Cameron's Motion to Approve Judgment Denying Dischargeability of Debt be, and is hereby, reversed, and the matter of approving a proposed compromise between Cameron and debtors be, and is hereby, remanded to the bankruptcy court for further proceedings consistent with this Memorandum Opinion and Order.

SIGNED October 12, 2006.


                                    /s/ John McBryde
                                    JOHN McBRYDE
                                    United States District Judge